UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
**BARCLAYS CAPITAL INC.,** )
) **CIVIL ACTION**
**Petitioner,** )
) **NO. 17-11880-TSH**
v. )
)
**MATTHEW GRADY,** )
)
**Respondent.** )
_____ )

## ORDER AND MEMORANDUM ON PETITION TO CONFIRM ARBITRATION AWARD (Docket No. 10)

### July 29, 2019

Following Matthew Grady's resignation from his employment at Barclays Capital Inc. ("BCI"), the parties submitted claims to an arbitration panel, BCI because it believed arbitration would be a more favorable forum, and Mr. Grady because he did not know he had a choice. BCI now moves for this Court to confirm the Award. Because the Court has not choice but to confirm the Award, it will do so. For the reasons stated below, BCI's petition is ***granted***.

### Background

In July 2011, Mr. Grady signed an Offer of Employment ("Offer Letter") to accept a position as an investment representative at BCI. The Offer Letter provided Mr. Grady with the option to receive a personal loan of $900,000 from an a BCI affiliate, Barclays Bank PLC ("Barclays Bank"). Mr. Grady accepted that loan to be forgiven in seven equal, annual installments as long as Mr. Grady remained employed by BCI. If his employment ended before the loan was repaid, Mr. Grady would then be obligated to pay the remaining principal as of the date of his

termination, plus interest. Mr. Grady executed a Promissory Note in favor of Barclays Bank (the "Note").

The Offer Letter also provided the following:

> Your obligations for the loan will be solely to [Barclays Bank] and will be independent of your employment with [BCI].
> To be clear, [Barclays Bank] is not your employer and does not have any authority or control over any aspect of your employment or continued employment by Barclays, nor is the Bank a member of the Financial Industry Regulatory Authority ("FINRA"). **Accordingly, any disputes between you and [Barclays Bank], including any disputes arising out of or relating to the loan, are not subject to FINRA arbitration but rather will be adjudicated in an appropriate court of law.**

(Docket No. 44-1, at 3) (emphasis added). Further, the Offer Letter contained an arbitration agreement, which provided: "This arbitration agreement **does not** apply to any dispute that may arise between you and [Barclays Bank]." *Id.* at 4 (emphasis in original).

Consistent with the Offer Letter, the Note contained an exclusive forum selection clause providing:

> The Borrower expressly agrees that any and all actions to enforce the terms of this Note shall be litigated only in the state or federal courts sitting in the State and County of New York and in no other.

*Id.* at 8.

On January 23, 2015, Mr. Grady resigned from Barclays, causing the unpaid principle balance of the loan—$514,285.71—to become payable under the terms of the Note. Following Mr. Grady's resignation, Barclays Bank assigned the Note to BCI. *See id.* at 11.

Within one week of that assignment, on June 22, 2015, BCI filed a claim with FINRA, initiating arbitration to collect the outstanding principal balance, the tax withholding amounts owed by Grady, and accrued interest. Mr. Grady, without counsel, filed an answer and submitted counterclaims against Barclays. In March 2017, Mr. Grady participated in a two-day evidentiary

hearing before a panel of three FINRA arbitrators, again without counsel. On March 29, 2017, that panel rendered an Award in favor of BCI in the amount of $561,111.38 but offset the Award by $100,000 based on Mr. Grady's counterclaims.

## Discussion

Under to Section 9 of the FAA, a party seeking to confirm an arbitration award may file a motion to confirm any time within one year "and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The arbitration panel rendered its Award on March 29, 2017. On October 4, 2017, Barclay's petitioned this Court to confirm the award.

Pursuant to Section 12, "Notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Mr. Grady never filed a motion to vacate but, on June 29, 2018, he requested that this Court vacate or modify the award pursuant to the FAA in his memorandum in opposition to Barclay's petition to confirm the award. (Docket No. 43).

Mr. Grady contends that in the situation presented here—where Section 10 and 11 are raised in defense to a motion to confirm—the statute of limitations is inapposite. The language of the FAA, however, suggests otherwise. "No exception to this three month limitations period is mentioned in the statue. Thus, under its terms, a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984); *see also Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (adopting holding in *Florasynth* that "once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm"); *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*,

3

863 F.2d 851, 854 (11th Cir. 1989) (holding that "the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the USAA to confirm the award"); *Service Employees Int'l Union, Local 36 v. Office Center Serv., Inc.*, 670 F.2d 404, 412 (3d Cir. 1982) ("[I]f a defendant has important defenses to an arbitration award he should raise them within the period prescribed for actions to vacate rather than wait to raise them as defenses in a confirmation proceeding.").

Accordingly, because Mr. Grady's challenge is untimely, this Court must confirm the Award. Be that as it may, the Court notes that BCI and its counsel surely understood they submitted claims to the panel that were non-arbitrable. If the language of the agreements were not enough, on March 15, 2017, in a nearly identical case, the United States District Court for the Northern District of Georgia vacated an arbitration award in favor of BCI. *See* Docket 44-1, at 47. Counsel for BCI in this case was also counsel for BCI in that matter.

## **Conclusion**

For the reasons stated above, BCI's petition to confirm the arbitration award (Docket No. 10) is ***granted***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
